IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MILLON R. CLEMENTS,**<br><br>    Plaintiff,<br><br>v.<br><br>**NORFOLK SOUTHERN RAILWAY COMPANY**,<br><br>    Defendant. | Civil Action No. 5:11-CV-322 (HL) |

### ORDER

The Court held a pretrial conference in this case on January 22, 2013. This Order memorializes the Court's rulings from the bench and outlines other pretrial rulings which will govern the trial of this case.

**I.   DEFENDANT'S MOTION IN LIMINE REGARDING RRB BENEFIT EVIDENCE (Doc. 23)**

Defendant moves the Court to admit evidence that Plaintiff is receiving disability benefits from the Railroad Retirement Board ("RRB").

The law provides that a FELA plaintiff has a duty to mitigate his damages. An injured employee must actively seek appropriate work when able to do so. Plaintiff currently receives approximately $3,600 per month in disability benefits from the RRB. Defendant argues that the receipt of those benefits is relevant to the issue of whether Plaintiff has fulfilled his duty to mitigate damages. Defendant first argues that this evidence shows that Plaintiff has a motive to malinger,

because he is receiving income. Second, Defendant argues that receipt of the benefits provides Plaintiff with the financial means to malinger. Finally, Defendant argues that evidence that Plaintiff is receiving disability benefits places the other evidence of his malingering in context and is relevant to whether Plaintiff has mitigated his damages.

Plaintiff opposes this motion. He argues that the disability payments are collateral source benefits that are not admissible. He states that it is prejudicial for the jury to hear about any disability benefits, and further argues that the receipt of disability payments does not justify an inference of malingering. Plaintiff contends any probative value is far outweighed by the prejudice that would result if the payments are admitted.

Both parties cite the case of Eichel v. New York Central Railroad Co., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963) (per curiam). A railroad worker filed a FELA claim for injuries sustained on the job. The worker prevailed at trial, but the railroad appealed, arguing that it should have been permitted to introduce as evidence of a motive for not returning to work testimony that the plaintiff was receiving disability payments. The Second Circuit reversed on this ground and ordered a new trial on damages. The Supreme Court reversed, concluding that the likelihood of the misuse of this information by the jury outweighed its probative value and could operate to the plaintiff's prejudice. Id. at 255. The

Court held that railroad retirement act disability benefits are a collateral source of recovery. Id. at 254. Based on Eichel, most courts preclude the admission of any collateral benefits, including disability benefits. *See* Sloas v. CSX Transp., 616 F.3d 380 (4th Cir. 2010); Green v. Denver & Rio Grande W. R.R. Co., 59 F.3d 1029 (10th Cir. 1995); Vanskike v. ACF Indus., 665 F.2d 188 (8th Cir. 1981); Sheehy v. S. Pac. Transp. Co., 631 F.2d 649 (9th Cir. 1980).

Defendant argues that Eichel did not establish a *per se* exclusion of collateral source evidence, and contends the evidence of disability payments is relevant and admissible under Rule 403 subject to a limiting instruction. Defendant cites to the First Circuit decision of McGrath v. Consolidated Rail Corp., 136 F.3d 838, 841 (1st Cir. 1998), in support of its argument. In McGrath, the district court allowed evidence of the plaintiff's disability pension payments, but on several occasions issued cautionary instructions to the jury to consider the evidence only on the issue of malingering. The appeals court held that the trial judge did not abuse his discretion and properly received the evidence subject to Rule 403 balancing. The court rejected any *per se* rule about the exclusion of collateral source evidence, and held that "[i]f there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying instruction is given, the receipt of the compensation benefits may be admissible for the limited purpose of proving another matter." Id. at 841.

Defendant also cites to <u>Valentine v. CSX Transportation, Inc.</u>, No. 1:09-CV-1432-JMS-MJD, 2011 WL 2066705, at *1 (S.D. Ind. May 25, 2011). There, the plaintiff asked the court to bar all evidence of collateral source benefits. The court found that the record did not establish that the probative value of the plaintiff's collateral source benefits was substantially outweighed by the danger of unfair prejudice. The defendant proposed to argue at trial that the plaintiff was feigning permanent physical disability to avoid work and to continue receiving disability payments. The court held that depending on how events unfolded at trial, evidence of collateral source benefits could be relevant to whether the plaintiff had a motive for not returning to work and to cast doubt on the permanency of the plaintiff's injuries.

The Court also notes that in May of 2012, the First Circuit considered a case where the defendants were allowed to introduce evidence that the FELA plaintiff was getting around $3,000 per month in disability benefits. <u>Crowther v. Consolidated Rail Corp.</u>, 680 F.3d 95, 98 (1st Cir. 2012). The appeals court held that there was no error in allowing the jury to consider the evidence. The court read <u>Eichel</u> not as laying down an unqualified rule against revealing a collateral source in a FELA case, but rather as simply affirming the trial judge's discretionary judgment to exclude. In other words, the court should balance the prejudicial effect against the probative value of the evidence.

The Eleventh Circuit has not addressed this issue. The Court agrees with the First Circuit that there is no blanket or black letter rule of law prohibiting the introduction of all collateral source benefits for any and all reasons. Instead, the better question is whether under the particular circumstances of a case, is the probative value of the evidence substantially outweighed by the danger of unfair prejudice?

Based on the parties' briefs and the oral argument of counsel, the Court finds that the RRB disability payments are admissible. The evidence shows that Plaintiff has done little to nothing to try and return to work, even though his doctors have released him and his vocational expert has identified jobs for which he is qualified in his area. The fact Plaintiff receives $3,600 each month in disability benefits is directly probative on the issue of Plaintiff's lack of motivation to return to work. The Court finds that the probative value of this evidence substantially outweighs any unfair prejudice. The Court will instruct the jury that it is to consider the evidence only on the issues of malingering and failure to mitigate damages. Defendant's Motion (Doc. 23) is granted.

## II.    PLAINTIFF'S MOTION IN LIMINE (Doc. 42)

**1.    Evidence of or reference to any benefits, payments, railroad retirement benefits, supplemental sickness benefits, disability payments, or any other money Plaintiff has received from any source during the pendency of this matter as a result of Plaintiff's injuries**

This motion is granted as to all evidence other than the RRB disability payments discussed in Section I above.

2. **Evidence of any part of Plaintiff's medical expenses, or similar expenses that have been paid by any secondary source, as this would violate the collateral source rule**

This motion is granted as to all evidence other than the RRB disability payments discussed in Section I above.

3. **Any photographs, drawings, videos, or other documents which have not been previously tendered in discovery or otherwise agreed upon by the parties**

This motion is denied as moot. The parties have exchanged all documents which will be used during the trial of the case.

4. **Any suggestions or comments relating to the fact that Plaintiff's attorney consulted with, talked to, or conversed with any witness prior to the testimony of said witness**

This motion is denied as moot. Plaintiff stated during the pretrial conference that in light of the witnesses he plans to call this issue will not arise at trial.

5. **Any comments characterizing the Plaintiff as "winning the lottery" or attempting to win the lottery or becoming a millionaire by virtue of seeking a judgment in this matter**

This motion is granted.

6. **Any evidence regarding when Plaintiff first hired his attorney**

The Court reserves ruling on this motion until trial.

**7.     Any argument or reference criticizing or attacking the civil justice system or any alleged ill of the civil justice system or tort system**

This motion is granted.

**8.     Any evidence with regard to what the Plaintiff would have to pay in railroad retirement taxes**

This motion is denied as moot. Plaintiff withdrew the motion during the pretrial conference.

**9.     Evidence that Plaintiff had any previous accidents, injuries, or medical conditions before the accident of May 20, 2010, which is the subject of this action**

The Court reserves ruling on this motion until trial.

**10.    Evidence that Plaintiff committed any rule violations before the incident of May 20, 2010, which is the subject of this action**

This motion is granted. Defendant is entitled to present evidence that Plaintiff violated rules on May 20, 2010, but cannot introduce any purported rules violations by Plaintiff prior to that date.

**11.    Any mention that Plaintiff was empowered to avoid working in any unsafe conditions**

This motion is granted to the extent Defendant cannot argue assumption of the risk. Defendant may still argue contributory negligence.

12. **Any and all testimony concerning Plaintiff's failure to mitigate damages**

The Court reserves ruling on this motion until trial. This issue goes more to how the Court charges the jury than to what evidence may be presented.

13. **Evidence of financial or pecuniary circumstances of the Plaintiff including the type and number of cars, homes, or other material possessions he owns, investments, or other passive income**

This motion is granted. Plaintiff is similarly prohibited from presenting evidence of Defendant's financial circumstances.

14. **Any evidence or argument that Plaintiff experienced prior back injuries or other unrelated medical conditions which required any prior medical treatment**

The Court reserves ruling on this motion until trial.

15. **Any character evidence improperly used to show Defendant does things safely**

The Court reserves ruling on this motion until trial.

## III.  DEFENDANT'S MOTION IN LIMINE (Doc. 24)

1. **Evidence of Defendant's ability to pay a verdict**

This motion is granted.

2. **Testimony about the credibility of witnesses**

This motion is granted.

3. **Evidence concerning workers' compensation benefits**

This motion is granted.

**4.     Testimony or argument that Defendant should be punished**

This motion is granted.

**5.     Plaintiff's family circumstances and financial circumstances**

This motion is granted as to Plaintiff's financial circumstances, but is denied as to Plaintiff's family circumstances. Plaintiff's wife and children cannot make a loss of consortium claim. Plaintiff and his wife can testify as to how his injuries have affected Plaintiff and his family. Defendant may impeach Plaintiff with his deposition testimony to the extent his trial testimony on this issue differs.

**6.     Evidence of other railroad employee injuries**

This motion is granted.

**7.     Evidence of employee discipline and labor relations**

This motion is granted.

**8.     Evidence of medical causation**

This motion is granted.

**9.     Evidence alleging effect of injury on management employees**

This motion is granted.

**10.    Plaintiff's medical bills**

This motion is granted.

**11.    Arguments by Plaintiff's counsel of "but for" causation**

This motion is granted.

**12.   Hearsay Testimony from Physicians**

This motion is granted.

**13.   Plaintiff's reputation at the railroad**

The Court reserves ruling on this motion until trial.

**14.   Comments regarding individuals in the courtroom**

This motion is granted.

**15.   Comments on lack of expert witnesses**

This motion is granted.

**16.   Cross-examination of witnesses**

This motion is granted.

**IV.   MISCELLANEOUS**

**1.   Post-pretrial conference depositions**

Under the Court's pretrial order, parties are allowed to take depositions up until the time of trial if the parties all agree. Plaintiff has noticed the depositions of Dr. Roy Baker and Richard Thompson, Ph.D., both to occur before the trial on February 19, 2013. At the pretrial conference, Defendant objected to these depositions. As stated by the Court, the deposition of Dr. Baker may go forward over Defendant's objection. The Court will not rule on generic objections made during the deposition, but if a major problem arises during the deposition, the

parties are to contact the Court immediately so the matter can be dealt with prior to trial.

The deposition of Dr. Thompson will not be allowed unless Defendant withdraws its objection. If the deposition does move forward by consent of the parties, the Court will not rule on any objections.

### 2.     Exhibits

Defendant's Exhibits 7-18 - The Court reserves ruling until trial.

Defendant's Exhibit 20 - The Court reserves ruling until trial.

Defendant's Exhibit 38 - As discussed in Section I above, the RRB disability benefits are admissible to show malingering. To the extent Defendant plans to use Exhibit 38 for that purpose, it will be allowed. Otherwise, Defendant should notify the Court prior to using the exhibit so a determination may be made as to whether it is admissible for a particular purpose.

Defendant's Exhibits 39-48 - The Court will allow use of these for impeachment. All references to medical insurance, insurance payments, or medical bills should be redacted prior to trial.

Plaintiff's Exhibits 14-18 - These documents will not go out with the jury.

### 3.     Voir Dire

The parties are ordered to reduce their voir dire questions to 25 and resubmit them to the Court no later than February 1, 2013.

**4.     Trial**

The trial of this case will begin on February 19, 2013 in Macon. Jury orientation will begin at 9:00 a.m., with jury selection to follow immediately thereafter.

**SO ORDERED**, this the 23rd day of January, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh