IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MILLON R. CLEMENTS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.5:11-CV-322 (HL) |
| | : | |
| NORFOLK SOUTHERN RAILWAY | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

## CONSOLIDATED PRETRIAL ORDER - JURY

The following constitutes a pretrial order entered in the above-styled case after

conference with counsel for the parties:

(1)      (a)      The name, address, and telephone number of all attorneys who personally

appeared at pretrial and who will conduct the trial are as follows:

> **Plaintiff:**      **Matthew I. Dowling**
> **Spencer J. Krupp**
> **Lawson & Moseley, LLP**
> **191 Peachtree Street NE**
> **Atlanta, GA 30303**
> **Telephone: (404) 827-9600**
> **mdowling@lawsonandmoseley.com**
> **skrupp@lawsonandmoseley.com**

> **Defendant:**      **Mark E. Toth**
> **Amanda M. Morris**
> **Walker S. Stewart**
> **Hall, Bloch, Garland & Meyer, LLP**
> **577 Mulberry Street, Suite 1500**
> **P. O. Box 5088**
> **Macon, GA 31208-5088**
> **Telephone: (478) 745-1625**
> **marktoth@hbgm.com**

amandamorris@hbgm.com
walkerstewart@hbgm.com

(b)     The  name,  address,  and  telephone  number  of  all  nonparty  persons  including

attorneys  who  have  a  fixed  or  contingent  financial  interest  in  this  case  are  as

follows:  **Lawson  &  Moseley,  LLP,  191  Peachtree  Street,  NE,  Suite  4600,**

**Atlanta, GA 30303, (404) 827-9600.**

(2)     (a)     Companion cases pending in this and other federal or state courts are: **None.**

(b)     Possible derivative claims not now the subject of pending litigation:  **None.**

(3)     The estimated time required for trial is: **2.5 days.**

(4)     The  parties  agree  that  the  Court  has  jurisdiction  of  the  parties  and  the  subject  matter

**pursuant to 28 U.S.C. § 1331 and 45 U.S.C. § 51 *et seq*.**

(5)     The jury will be qualified as to relationship with the following:

**a. Plaintiff**

**b. Matthew Dowling, Spencer Krupp and any partners of Lawson & Moseley, LLP**

~~**c. Millon R. Clements**~~

**d. Rhonda Clements**

(6)     All discovery has been completed, unless otherwise noted, and the court will not consider

any further motions to compel discovery except for good cause shown.  The parties, however,

shall  be  permitted  by  agreement  to  take  depositions  of  any  person(s)  for  the  preservation  of

evidence or for use at trial.

(7)     Unless otherwise noted, the names of the parties as shown in the caption to this order are

correct and complete, and there is no question by any party as to the misjoinder or nonjoinder of

any parties.

(8)     The following is the plaintiff's brief and succinct outline of the case and contentions:

**Plaintiff filed his Complaint pursuant to the Federal Employers' Liability Act ("FELA"), 45 USC § 51, et seq., on August 19, 2011. Plaintiff was injured during the course and scope of his employment with Defendant on or about May 20, 2010, while inspecting and cleaning the air filters on his 2006 International Material Handling truck. Plaintiff was required to climb onto one of the vehicle's tires in order to reach the filter housings and stretch and reach awkwardly to clean the filters from this position. Plaintiff sustained an injury to his back, after cleaning the filters in the awkward posture and having to step down off of the tire after cleaning the filters. No step ladder or other access equipment was provided to inspect and clean the filters, which was one of Plaintiff's assigned duties. Defendant Norfolk Southern Railway Company filed its Answer on September 27, 2011, denying Plaintiff's allegations of negligence.**

(9)     The following is the defendant's brief and succinct outline of the case and contentions:

**On May 20, 2010, Plaintiff was employed by Defendant as a member of its Maintenance of Way Department.  Plaintiff was assigned to operate a 2006 International material truck (series 7600), identified as Norfolk Southern truck 206621.  Plaintiff had worked on this material truck for at least seven or eight months prior to May 20, 2010, the date Plaintiff alleges he injured himself.**

**Plaintiff contends the air conditioner was not putting out as much air as he believed it was supposed to on May 20, 2010.  Plaintiff decided he would attempt to clean the air filter of the truck near the end of the work day to make his drive home more comfortable.**

3

Plaintiff never informed any supervisor of any problem with the air conditioner on the material truck. Plaintiff arrived at the yard in Millen and decided on his own to clean the air filter on the air conditioner before returning home.

To access the air filter on the truck, Plaintiff opened the hood of the truck and climbed up on the tire on the passenger's side of the truck to remove the filter. Plaintiff alleges he beat the air filter against the tire to clean the filter. After Plaintiff finished cleaning the filter, he climbed back on top of the tire to replace the filter and then Plaintiff jumped down off the tire onto the ground. Plaintiff did not maintain three points of contact at all times while standing on the tire and using the tire to access the air filter or when jumping off the tire to the ground.

Plaintiff never reported to his supervisor or anyone in management at Norfolk Southern that he sustained any personal injury on May 20, 2010, or at any other time. Before May 20, 2010, Plaintiff had never made any complaints to his supervisors or anyone in management about any problem with the air filter on the truck or complained about the air conditioning. Plaintiff is not critical of the maintenance that was provided to the material truck by Norfolk Southern. Cleaning air filters was not a part of Plaintiff's job duties.

Plaintiff continued to report for work and performed his usual duties until the last day he worked, September 30, 2010. Norfolk Southern contends the sole cause of any injury suffered by Plaintiff was his failure to exercise ordinary care for his own safety. Plaintiff violated the safety rules he is required to follow as an employee of Norfolk Southern by failing to maintain three points of contact at all times when he was climbing

4

up and down on the tire of the truck and performing his job in an unsafe manner. Defendant also contends that Plaintiff has failed to mitigate his damages.

(10)   The issues for determination by the jury are as follows:

**On Behalf of Plaintiff:**

1.   **Whether and to what extent Defendant was negligent.**

2.   **Whether the proximate cause of Plaintiff's accident was the negligence of Defendant.**

3.   **Whether Defendant failed to provide Plaintiff with a reasonably safe place to work.**

4.   **Whether and to what extent Plaintiff was contributorily negligent.**

5.   **The nature and extent of any injuries sustained by Plaintiff.**

6.   **The nature and extent of Plaintiff's damages.**

**On Behalf of Defendant:**

1.   **Whether Plaintiff's own negligence was the sole proximate cause of his injury.**

2.   **Whether Defendant failed to provide Plaintiff a reasonably safe place to work.**

3.   **Whether any negligence of Defendant was the cause of any injury to Plaintiff.**

4.   **Whether and to what extent Plaintiff was contributorily negligent.**

5.   **Whether Plaintiff has failed to mitigate his damages.**

(11)   If a tort action, specifications of negligence, including applicable code sections, are as follows:

**By Plaintiff:      Violation of 45 U.S.C. § 51, *et seq.***

5

**By Defendant:  45 U.S.C. § 51, *et seq.***

(12)    If a contract action, the terms of the contract are as follows (or, the contract is attached as

an Exhibit to this order): **<u>Not applicable</u>**

(13)    The types of damages and the applicable measure of those damages are as follows:

       **By Plaintiff:**

           **(a) Special damages:**       **$580,156.00**

           **(b) Past pain and suffering:**   **$87,600.00**

          **(c) Future pain and suffering:**  **$671,600.00**

       **By Defendant:**

       **Defendant denies it is liable to Plaintiff for any damages pursuant to 45
U.S.C. § 51, *et seq*. or otherwise.  However, to the extent general or special damages
are awarded by the jury, the jury may only award net wage loss, as federal and state
income taxes (and business expenses) should be deducted in determining past wage
loss. In addition, any damage award for future wage loss must be reduced for
federal and state income taxes and for business costs and expenses and reduced to
present day value.  In addition, to the extent any damages are awarded by the jury,
any judgment must be reduced for all liens, including Railroad Retirement Board
liens and Supplemental Sickness Benefit liens, and the applicable amount of taxes
that Defendant is required to withhold on Plaintiff's behalf for Tier One, Tier Two,
and Medicare.  Furthermore, Plaintiff must mitigate his damages.  Plaintiff may not
recover punitive damages or loss of consortium.**

(14)    <u>All material undisputed facts</u> established by the pleadings, depositions, or admissions of

the parties are attached as Exhibit A, and are signed by counsel, and will be read to the jury at the beginning of trial.

(15)    Pursuant to the Court's usual practice, pleadings will not be submitted to the jury.

(16)    Special authorities relied upon by plaintiff relating to peculiar legal questions are as follows: **45 U.S.C. § 51,** *et seq.*

(17)    Special authorities relied upon by defendant relating to peculiar legal questions are as follows: **<u>See Defendant's Trial Brief Regarding the Parties' Obligations Under Federal Law and the Applicable Collective Bargaining Agreement in the Event a Verdict is Entered in Favor of Plaintiff.</u>**

(18)    The following are lists of witnesses the:

    (a)    Plaintiff <u>will</u> have present at trial:    **Millon Clements**

    (b)    Plaintiff <u>may</u> have present at trial:    **Myrtice Carr**
                                                      **Dr. Richard Thompson**
                                                    **Rhonda Clements**
                                                      **Dr. Roy P. Baker**
                                                     **Dr. Walter C. Edwards**
                                                     **Any Witnesses Listed by Defendant**

    (c)    Defendant <u>will</u> have present at trial:

                **No one.**

    (d)    Defendant <u>may</u> have present at trial:

                **Lucious Bobbitt**

                **Steve Palmer**

                **Shawn Strickland**

                **Chris Ard**

                **Michelle Collins**

**B. J. Taylor**

**C. J. Gearhart**

**Brian Ylisto**

**Stevan J. Novack, M.D.**

**Richard E. Bass, D.C.**

**Leslie Kelman, M.D.**

**Thomas Fuller, M.D.**

**Russell Mitchell, M.D.**

**Mike Sellers**

**Sam J. Alexander**

**Sidney Johnson, M.D.**

**Roy P. Baker, M.D.**

**Walter C. Edwards, M.D.**

**Roger C. Kissick**

**Alfonzo Price**

**Steve Speed**

**Bill Simmons**

**Al Price**

**Rhonda Clements**

**Jimmy Lee Clements**

**Tremaine Clements**

**Megan Clements**

**Ayanna Bruce**

**Myrtice Carr**

**G. Richard Thompson, Ph.D.**

**Michael Jarvis**

**Any Witness Listed by Plaintiff.**

Opposing counsel may rely on representation by the designated party that he <u>will</u> have a witness present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain this testimony by other means.  Counsel should be prepared to state at the pretrial conference objections to any witness listed.

(19)    The form of all possible verdicts to be considered by the jury are as follows:

By Plaintiff:

**The jury verdict form requiring the jury to apply the law to the facts and find for either Plaintiff or Defendant, and if for Plaintiff, in what dollar amount as more particularly set forth in the 11th Circuit's "Pattern Jury Instructions (Civil Cases) 2005," "FEDERAL EMPLOYERS LIABILITY ACT (FELA - 45 USC § 51)," Section 7 .1, "General Instruction," "Special Interrogatories to the Jury." (Comparative Negligence Defense)", at pages 369 – 377, Exhibit "B" hereto.**

**<u>By Defendant:</u>**

1.

Was there negligence on the part of the Defendant, Norfolk Southern Railway Company, on May 20, 2010, which was a legal cause of an injury to the Plaintiff?

Yes: _____                 or                 No: _____

9

- If you answered "No" to question number 1, your verdict is for the Defendant, and you need to do nothing further.  Simply have your foreperson sign and date the verdict form.

- If you answered "Yes" to question number 1, then proceed to question number 2.

2.

Was there negligence on the part of the Plaintiff, Millon R. Clements, on May 20, 2010, which was a legal cause of an injury to the Plaintiff?

Yes: _____                or              No: _____

- If you answered "Yes" to question number 2, then proceed to question number 3.

3.

What percentage of fault do you attribute to Plaintiff, Millon R. Clements, and what percentage of fault do you attribute to Defendant, Norfolk Southern Railway Company?

_____% fault attributable to Plaintiff Millon R. Clements

_____% fault attributable to Defendant Norfolk Southern Railway Company

Note: percentage of fault attributable to Plaintiff Millon R. Clements and Defendant Norfolk Southern Railway Company must total 100%.

4.

If you answered "Yes" to question number 1 what sum of money do you find from a preponderance of the evidence to be the total amount of the Plaintiff's damages $_____.

(*without* adjustment by application of any percentages you may have given in answer to question number 3)?

SO SAY WE ALL.

This _____ day of _____, 2013.


_____          _____
Foreperson's Signature                    Printed Name


(20)    The possibilities of settling the case are: **Low to Fair.  Settlement negotiations have**

**been ongoing during the pendency of this action and the parties remain at an impasse.**

(21)    A jury of twelve will be selected and all jurors shall participate in the verdict unless

excused from service by the Court.

(22)    Other matters: <u>**Plaintiff and**</u> **<u>Defendant have both filed multiple Motions in Limine,</u>**

**<u>which require a ruling from the Court.</u>**

Submitted by:

Lawson & Moseley, LLP


By:_____
Matthew I. Dowling, Esq.
Georgia Bar Number 110609
Spencer J. Krupp, Esq.
Georgia Bar Number 429931
191 Peachtree Street NE
Atlanta, GA 30303


Hall, Bloch, Garland & Meyer, LLP


By:_____
Mark E. Toth, Esq.
Georgia Bar Number 714272

11

Amanda M. Morris
Georgia Bar Number 141676
Walker S. Stewart
Georgia Bar Number 221715
Hall Bloch Garland & Meyer, LLP
P.O. Box 5088
Macon, Georgia 31208-5088
(478)719-9070

It is hereby ORDERED that the foregoing, including the attachments thereto, constitute the pretrial order in the above case and supersede the pleadings which may not be further amended except by order of the Court to prevent manifest injustice.

This 4th day of February, 2013.

/s/ Hugh Lawson
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

**EXHIBIT A**

**STATEMENT OF MATERIAL UNDISPUTED FACTS**

1.

Defendant is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

2.

At the time of the incident, Plaintiff, Millon R. Clements, was working in the scope and course of his employment with the Defendant.

Submitted by:

| | |
|---|---|
| _____ | _____ |
| Matthew I. Dowling | Mark E. Toth |
| Spencer J. Krupp | Amanda M. Morris |
| Lawson & Moseley, LLP | Walker S. Stewart |
| 191 Peachtree Street, N.E. | Hall, Bloch, Garland & Meyer, LLP |
| Suite 4600 | 1500 Fickling & Company Building |
| Atlanta, Georgia 30303 | 577 Mulberry Street |
| Tel:  (404) 827-9600 | P.O. Box 5088 |
| Fax: (404) 827-9599 | Macon, Georgia 31208-5088 |
| mdowling@lawsonandmoseley.com | Tel: (478) 745-1625 |
| Attorney for Plaintiff | Fax: (478) 741-8822 |
| | MarkToth@hbgm.com |
| | Attorney for Defendant |

14

**EXHIBIT B**

## SPECIAL INTERROGATORIES
## TO THE JURY

Do you find from a preponderance of the evidence:

1. That the Defendant was negligent in the manner claimed by the Plaintiff and that such negligence was a legal cause of damage to the Plaintiff?

Answer Yes or No

[Note: If you answered No to Question No. 1 you need not answer any of the remaining questions.]

2. That the Plaintiff was also negligent in the manner claimed by the Defendant and that such negligence was a legal cause of the Plaintiff's own damage?

Answer Yes or No

3. If you answered "Yes" to Question Two, what proportion or percentage of the Plaintiff's damage do you find from a preponderance of the evidence to have been legally caused by the negligence of the respective parties?

Answer in Terms of Percentages

The Defendant                                    _____%

The Plaintiff                                       _____%

[Note: The total of the percentages given in your answer should equal 100%.]

4. If you answered "Yes" to Question One, what sum of money do you find from a preponderance of the evidence to be the total amount of the Plaintiff's damages (without adjustment by application of any percentages you may have given in answer to Question Four)?

16

(a) Net lost wages and benefits to the date of trial:

$_____

(b) Net lost wages and benefits in the future [reduced to present value]:

$_____

(c) Medical and hospital expenses incurred in the past [and likely to be incurred in the future]:

$_____

(d) Mental and emotional humiliation or pain and anguish:

$_____


SO SAY WE ALL.


_____

Foreperson

DATED: