IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MILLON R. CLEMENTS,

    Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY COMPANY,

    Defendant.

Civil Action No. 5:11-CV-322 (HL)

ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 48). The motion is granted, in part, and denied, in part, as outlined below.

I. COLLATERAL SOURCE EVIDENCE

Plaintiff has moved the Court to reconsider its previous ruling allowing the admission of evidence that Plaintiff is receiving disability benefits from the Railroad Retirement Board. The motion for reconsideration on this point is denied.

Contrary to what Plaintiff states in his motion, the Court in its January 23 order did not hold that "collateral source evidence can come in as a matter of law." (Doc. 48, p. 3). Instead, the Court found that when using a Rule 403 balancing test, the probative value of the disability payments outweighs any unfair prejudice. The Court determined that under the facts of this case, the

evidence was admissible. The Court did not issue a blanket rule that collateral source evidence is always admissible, as is reflected by the fact the Court is keeping out evidence of insurance payments, medical expenses, and supplemental sickness benefit payments, among other things.

In its opinion, the evidence of the disability payments is probative and is not cumulative. The jury will be instructed that the evidence can only be used for a limited purpose. The Court finds no reason to reconsider its previous ruling.

## II.   DENIAL OF VIDEOTAPED EXPERT TESTIMONY

Plaintiff has moved the Court to reconsider its ruling that the deposition of Dr. Thompson will not be allowed unless Defendant withdraws its objection to the deposition. The motion is denied.

The Court permits parties to take depositions for the preservation of evidence or for use at trial after the pretrial conference, but only if the parties agree to the depositions between themselves. At the pretrial conference, Defendant stated that it would not agree to Dr. Thompson's deposition. The Court's rule on this issue is clear, and it will not force Defendant to agree to the deposition. Plaintiff should make whatever arrangements are necessary to ensure Dr. Thompson's presence at trial.

## III.   ADDITIONAL JURY INSTRUCTION

Plaintiff requests that the Court give a limiting instruction regarding the disability benefits both during trial when the evidence is tendered and at the conclusion of the case. To the extent this request is a motion, the Court grants it. The Court intends to instruct the jury at both points of the trial that the evidence is only to be considered for the limited purposes of malingering and failure to mitigate.

## IV.   PLAINTIFF'S EXPERT'S REVISED ECONOMIST REPORT

Plaintiff seeks permission to replace Joint Exhibit 13 with an updated report from Dr. Thompson.[1] This motion is granted. Defendant can cross-examine Dr. Thompson on any differences between the reports if appropriate.

**SO ORDERED**, this the 4th day of February, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] The motion refers to Joint Exhibit 13, but the Court does not have a Joint Exhibit 13 in its document notebook. Joint Exhibit 10 is Dr. Thompson's economic analysis of the present value of Plaintiff's fringe benefits, and Joint Exhibit 11 is Dr. Thompson's economic analysis of the present value of Plaintiff's future earnings. There is no Joint Exhibit 12. The Court assumes Plaintiff seeks to update either Joint Exhibit 10 or Joint Exhibit 11, or both. In any event, Plaintiff should be prepared to revise the Court's exhibit notebooks prior to the start of the trial to add the updated report.