IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MILLON R. CLEMENTS,<br><br>    Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>    Defendant. | Civil Action No. 5:11-CV-322 (HL) |

**ORDER**

This case is before the Court on Defendant's Motion for Judgment as a Matter of Law (Doc. 66). For the reasons discussed below, the motion is denied.

On August 19, 2011, Plaintiff filed a complaint against Defendant pursuant to the Federal Employers' Liability Act ("FELA"). The case was tried before a jury beginning on February 19, 2013. At the close of Plaintiff's case in chief, and after the close of all the evidence, Defendant moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. The Court reserved ruling on the motion. On February 21, 2013, the jury returned a verdict in Plaintiff's favor. Defendant again moved for judgment as a matter of law, and the Court again reserved ruling. The Court now formally rules on the Rule 50 motion.

Rule 50 allows a district court to grant a motion for judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient

evidentiary basis to find for the [nonmoving party]." Fed.R.Civ.P. 50(a). This is the standard whether the motion is made before or after the case is submitted to the jury. Chaney v. City of Orlando, 483 F.3d 1221, 1227 (11th Cir. 2007). In conducting a Rule 50 analysis, the court must refrain from invading the province of the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 1193 (internal citations omitted).

After considering the parties' arguments, the Court denies Defendant's motion. While Defendant orally raised a number of issues during and after trial in support of its motion, the only issue the Court believes merits additional discussion is causation.

Under FELA, a plaintiff "must prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation." Kelson v. Central of Ga. R. Co., 234 Ga. App. 200, 203, 505 S.E.2d 803 (1998) (quotation, citations, and punctuation omitted). With respect to causation, the question is whether the employer's negligence played any part, even the slightest, in producing the injury or death for which damages are sought. Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 505-06, 77 S.Ct. 443 (1957) (footnotes omitted; emphasis added); CSX Transp., Inc. v. McBride, --- U.S. ---, 131 S.Ct. 2630, 180 L.Ed.2d 637 (2011).

Defendant contends it is entitled to judgment in its favor because Plaintiff did not present sufficient evidence of causation or any probative facts from which a jury could conclude Plaintiff met his burden of proof on the element of causation. In a nutshell, Defendant believes Plaintiff had to present expert medical testimony at trial to establish causation - specifically that the fall off the tire caused Plaintiff's back injury.

Expert evidence is often required in FELA cases to establish the causal connection between the accident and the alleged injury. When "there is no obvious origin to an injury and it has 'multiple potential etiologies, expert testimony is necessary to establish causation.'" Myers v. Illinois Cent. R. Co., 629 F.3d 639, 643 (7th Cir. 2010) (quoting Wills v. Amerada Hess Corp., 379 F.3d 32, 46-47 (2d Cir. 2004)). For instance, courts have required expert testimony in cases where a plaintiff claimed cumulative trauma injuries, Myers, 629 F.3d at 643; degenerative disk disease, Brooks v. Union Pac. R.R. Co., 620 F.3d 896, 899-900 (8th Cir. 2010); respiratory illness, Schmaltz v. Norfolk & W. Ry. Co., 896 F.Supp. 180, 183 (N.D. Ill. 1995); aggravation of a pre-existing asthmatic condition, Schrum v. Burlington N. & Santa Fe Ry. Co., 286 F'Appx. 380, 381 (9th Cir. 2008); a skin condition caused by a uniform hat, Watson v. Long Island R.R. Co., 500 F.Supp.2d 266, 271 (S.D.N.Y. 2007); and respiratory ailments as a result of exposure to diesel exhaust fumes and hazardous dust, Shiver v.

Georgia & Florida Railnet, Inc., 287 Ga. App. 828, 830-31, 652 S.E.2d 819 (2007). These are all injuries with no obvious origin and cannot be linked with a specific injury causing event.

On the other hand, expert evidence is not required to establish the causal connection between the accident and the injury if "the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695 (1st Cir. 1987). In other words, "[e]xpert testimony is unnecessary in cases where a layperson can understand what caused the injury." Myers, 629 F.3d at 643. "For example, when a plaintiff suffers from a broken leg or a gash when hit by a vehicle, he doesn't need to produce expert testimony." Id. Courts have found that expert testimony was not required in cases involving hearing loss, Tufariello v. Long Island R. Co., 458 F.3d 80, 88 (2d Cir. 2006) (no expert testimony needed in a case involving hearing loss from lack of ear protection because "there is a generally understood causal connection between physical phenomena - in this case, very loud sounds, which we refer to colloquially as 'deafening' - and the alleged injury that 'would be obvious to laymen'"); a back injury resulting from swinging a sledgehammer, Williams v. Northeast Illinois Reg'l Commuter R.R. Corp., 2002 WL 1433724, *10 (N.D. Ill. 2002) (finding that expert testimony was not needed because "[a] back injury caused by swinging a sledgehammer and

overextending one's swing because rotted wood supporting the structure gave way is not such an elusive concept"); and an infection at the site of a bug bite, Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 109-113, 83 S.Ct. 659 (1963).

While there was no specific expert medical causation testimony presented at the trial of this case, evidence was presented that Plaintiff's back problems began on May 20, 2010, the day he fell or slipped off the tire. According to Plaintiff's sworn testimony, the injury materialized in the form of pain immediately after the fall. It is undisputed that Plaintiff did not have back problems prior to May 20. Unlike the plaintiffs in Myers, Brooks, and Schmaltz, for instance, Plaintiff was able to point to a specific incident that injured him. This is not a case where Plaintiff is claiming an injury based on years of working at the railroad. If that was the case, the Court would agree with Defendant that medical expert testimony is required. However, the Court believes Plaintiff's injury to have much more in common with the broken leg example from Moody or the injured back in Williams than the cumulative trauma injuries in Myers or the respiratory ailment in Shiver. It is not beyond the province of an ordinary person that falling off a four foot high tire could cause a herniated disk. The Court finds that there was sufficient evidence presented at the trial for the jury to draw a causal inference between the fall off the tire and Plaintiff's injury.

FELA is a very favorable statute for railroad employees. The law is clear that railroad workers should have the benefit of a jury trial in close cases, and Plaintiff so had his day in court. After three days of trial, the jury returned a verdict in Plaintiff's favor. The Court cannot "second-guess the jury or substitute" its judgment for that of the jury if the jury's verdict is supported by sufficient evidence. <u>Lipphardt v. Durango Steakhouse of Brandon, Inc.</u>, 267 F.3d 1183, 1186 (11th Cir. 2001). The Court finds that the verdict is supported by sufficient evidence. The Motion for Judgment as a Matter of Law (Doc. 66) is denied. The Clerk of Court is directed to enter final judgment consistent with the jury verdict returned on February 21, 2013.

**SO ORDERED**, this the 7th day of March, 2013.

<i>s/ Hugh Lawson</i>
**HUGH LAWSON, SENIOR JUDGE**

mbh